UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ATENAS GONZALEZ,

Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES LLC,

Defendant(s).

_____ /

Civil Action No.: 1:24-cv-23906

INJUNCTIVE RELIEF SOUGHT

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff ATENAS GONZALEZ ("Plaintiff"), by and through her attorneys, Jonathan Arias, Esq., as and for his Complaint against Defendant EQUIFAX INFORMATION SERVICES LLC hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA").

**PARTIES**

2. Plaintiff ATENAS GONZALEZ is a resident of the State of FLORIDA, residing in Miami Dade County.

3. Defendant EQUIFAX INFORMATION SERVICES LLC is a Georgia corporation.

4. Defendant is regularly engaged in the national business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, 1337 as well as 15 USC §1681p *et seq.* and 28 U.S.C. §2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Plaintiff obtained a copy of her credit report dated June 10th, 2024 and noticed an inaccurate tradeline concerning BMW amount balance. Based on this information the Plaintiff wrote a dispute letter to Defendant on June 18th, 2024 stating:

*"Dear Equifax*
*Regarding the following accounts:*

*● BMW FINANCIAL SERVICE ACCT#: XXXXXXXXX*

*To whom this may concern, my name is Atenas Gonzalez, date of birth 11/13/1991, social security 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 and I am writing to formally dispute several items on my credit report that have been inaccurately reported. Despite previous attempts to rectify these errors, they persist, which is deeply concerning me. I have previously submitted disputes regarding these items, yet they remain unresolved. These inaccuracies are adversely affecting my creditworthiness and financial standing. As a responsible consumer, I have diligently reviewed my credit report and am committed to ensuring its accuracy. Just in case my ID is enclosed. I urge you to conduct a thorough investigation and promptly address these discrepancies. Pursuant to the Fair Credit Reporting Act I will expect you to complete the verification within thirty days.*

*Federal law requires that you provide mechanisms to ensure that each item on my credit report actually belongs to me. If the above items are inaccurate, misleading, or incomplete, you may*

*have violated federal law. By the provisions of the Fair Credit Reporting Act, I demand that these items be investigated and removed from my report. It is my understanding that you will recheck these items with the creditor who posted them. Please remove any information that the creditor cannot verify. I also understand that under 15 U.S.C. Sec. 1681li(a), you must complete the reinvestigation within 30 days of the receipt of this letter.*

*Please provide me with a written response detailing the results of your investigation and any actions taken to correct these inaccuracies. Thank you for your attention to this matter and I expect timely resolution to this dispute.*

*Sincerely, Atenas Gonzalez "*

9. Defendant responded with a letter (Exhibit A) dated June 23rd, 2024 stating:

   *"Please be advised that in order to process your request, Equifax need to receive valid and legible documentation. The identification documents sent are illegible. Please submit a legible copy or your social security card, pay stub, w2 form or 1099 form as proof of social security number. Also please submit a legible copy of your driver's license, state issued identification cared, utility bill, cell phone bill, pay stub, w2 form, 1099 form, rental or lease agreement/house deed, mortgage statement or bank statement with the correct address as proof of your current address."*

   *"Because the information we have on file does not match the information we currently have on your credit file we ask you send us a copy of two different items…'*

10. Plaintiff provided in her Dispute letter her accurate name, social security number, address, and date of birth. The same information she used to pull her credit report. Plaintiff also provided a copy of her driver's license which is legible. (Exhibit B).

11. Defendant failed to properly to investigate the disputed accounts and failed to respond with an investigation within the 30-day requirement. Neither verifying or deleting the tradelines. Further, Defendant failed to send Plaintiff the required written response within the required 30 days, thereby violating Plaintiff's rights under the FCRA.

12. Defendant was reporting two separate BMW accounts on Plaintiff's credit report. Plaintiff's June 2024 statement had one BMW account reporting a balance of $5850 and the account closed. The second BMW account was reporting a 0 balance and the account closed. The July 2024 report was reporting both BMW accounts as closed and 0 balance.

Both of these accounts are inaccurate.

13. Defendant further failed to investigate and update correctly as reported in the August 2024 credit report which again shows a balance of $5850 and a note stating: "needs attention".

## FIRST CAUSE OF ACTION
### (Violations of the FCRA)

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. 15 USC §1681i(a) Reinvestigations of disputed information

    (1) Reinvestigation required

    (A) In general

    Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

16. Defendant violated 15 USC §1681i(a) by failing to properly reinvestigate the disputed account and respond to Plaintiff within the required 30-day period and further to delete the account within the required 30 days and update as disputed even though proper

identfication was provided.

17. Defendant violated Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained. By failing to update the credit report, delete and/or remove the disputed accounts as the Plaintiff requested.

18. As a result, Defendant violated 15 USC §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

19. The violation by Defendant of 15 USC §1681e (b) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

20. After receiving Plaintiff's dispute, Defendant negligently failed to conduct a reasonable reinvestigation as required by15 USC §1681i. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

21. Defendant is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to15 USC §1681o.

22. Defendant prepared. compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC §1681i(a).

23. Such reports contained information about the Plaintiff that was false misleading, and

inaccurate.

24. Defendant violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from the Plaintiff's credit files.

25. As a result of Defendant's violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

26. The violations by Defendant of 15 USC §1681i(a) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

27. As a result of Defendant's violations of 15 USC §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

28. The violations by Defendant of 15 USC §1681i (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

29. Defendant violated 15 USC §168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

30. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees

from the Defendant(s) in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

31. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from the Defendant:

A. For statutory, actual and punitive damages provided and pursuant to the FCRA, 15 U.S.C. 1681 § n (a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

B. For attorneys' fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

C. A Declaration that the Defendant's practices violated the FCRA and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Respectfully Submitted,

By: /s/_____
**Jonathan S. Arias, Esq.**
Fla. Bar No.: 126137
Attorney Number: 221129
The Onyx Group
8325 N.E. 2nd Ave
Suite 315
Miami, FL 33138

786-504-5760
jarias@theonyx.group